WILLIAM H. DAVIS, executor, *vs.* MICHAEL NEY.

Suffolk.   Nov. 21, 22, 1877 ;  Nov. 12. — 15, 1878.

A., a depositor in a savings bank, delivered her bank book, accompanied by an assignment of her deposits, to B., upon an oral agreement that B. should draw for her what money she wanted during her lifetime, and pay the balance, if any, left at her death to her son. In pursuance of this agreement, B. paid to A. certain sums of money before her death, and the balance remaining after her death he paid to her son, who was appointed executor of her will. *Held*, that the delivery and assignment to B. constituted a valid gift, and that the son was not bound to account as executor for the money so received by him.

APPEAL from a decree of the Probate Court allowing the account of the executor of the last will of Mary Ney. The case was reserved by *Morton*, J., for the determination of the full court, on an agreed statement of facts, in substance as follows :

Previously to September 24, 1875, Mary Ney deposited in her own name, in the Union Institution for Savings in Boston, various sums of money, her sole property, at various times, which amounted, on that day, to $5220, for which she held six separate bank books. On September 24, by an assignment not under seal, she assigned her deposits and delivered her bank books to George F. Emery, the treasurer of the bank. The only consideration for the assignment and delivery was that Emery was to draw for her whatever she wanted during her lifetime, and the balance, if any, left at her death, was to be paid by Emery to her son. Emery made no written agreement in reference to the matter, and her son was not informed of it until after her de

cease. Emery drew and paid to her, on account of the deposits, various sums at various times between September 24, 1875, and October 4, 1876, amounting in the whole to $2034, including amounts of interest drawn as such. When these sums were drawn, her signature was required by Emery to show that he drew nothing for his own use, and Emery's signature was required by the bank. Sometimes, in Emery's absence, pursuant to his directions to the bank clerks to allow her so to do, she drew money on account of the deposits.

Mary Ney died on October 4, 1876, leaving no debts; a husband, to whom she had been married before 1875; and one son, whom, by a will made without her husband's consent, and afterwards admitted to probate, she made her executor and sole legatee. Since her decease, Emery paid to her son the balance remaining of her deposits, amounting on September 17, 1877, to $3705; and subsequently her son filed his account as executor, not charging himself therewith, or with any part thereof. His account was allowed by the Probate Court, and the husband appealed.

If the court should be of opinion that the residue of the deposit belonged to the estate of the deceased, then the decree of the Probate Court was to be reversed, and the case remitted for the amendment of the executor's account accordingly; otherwise, the decree was to be affirmed.

*W. S. Stearns*, for the appellant.

*J. A. Maxwell*, for the appellee.

ENDICOTT, J. The delivery of the bank books to Emery, accompanied by an assignment, constituted a valid gift, and gave to him a complete title in the fund represented by the books. *Foss* v. *Lowell Savings Bank*, 111 Mass. 285. *Kingman* v. *Perkins*, 105 Mass. 111. *Kimball* v. *Leland*, 110 Mass. 325. In form, the conveyance to Emery was absolute; but it appears from the statement of facts that it was accompanied by an oral agreement, between Mrs. Ney and Emery, that he should pay her during life such sums as she wanted, and that upon her death he should pay over the balance to her son. In execution of this agreement, he paid her a considerable sum of money before her death, and what remained after her death he paid to the son. The appellant contends that this was not a complete

gift; that it was an attempt to evade the statute of wills, and that the transaction was a mere form, the nominal title being in Emery, and the real ownership and possession being in Mrs. Ney

It was in the power of Mrs. Ney to make this disposition of her own property. If the trust upon which Emery held it had been declared in writing, it would have come within the case of *Stone* v. *Hackett*, 12 Gray, 227. Although not declared in writing, parol evidence would be admissible to establish the fact that the assignment to Emery, while absolute in its terms, was in reality upon certain trusts or agreements, which, if proved, a court of equity might compel him to execute. *Newton* v. *Fay*, 10 Allen, 505. *Hunnewell* v. *Lane*, 11 Met. 163. *Campbell* v. *Dearborn*, 109 Mass. 130. 1 Perry on Trusts, §§ 85, 86, 226. ·

In *Stone* v. *Hackett*, the income of the property assigned was to be paid to the donor during life, and upon his decease the principal was to be divided among various charities, with a power reserved in the donor to modify or revoke the trust; and the validity of the trust was upheld. In the case at bar, there was no power to revoke, but the donor was entitled by the agreement to such portion of the fund as she required during her life. Such a provision, like a power of revocation, is not inconsistent with the creation of a valid trust. Trusts may be created by will or *inter vivos*, with power in the trustee to pay, and a right in the *cestui que trust* to receive, not merely the income, but the principal of the fund, as needed or called for. It is true, all the fund may be drawn out, leaving no balance to satisfy the gift over; but that cannot affect the legal title to the property in the hands of the trustee, and, if any surplus remains, the party designated should receive it.

It does not appear, upon the case stated, that it was the intent of Mrs. Ney to make a disposition of this property in its nature testamentary. *Stone* v. *Hackett, ubi supra*. There is no imputation of fraud or collusion between the parties; and it is immaterial that the son was not informed of the transaction until after his mother's death.

The claim of the appellant, that the balance paid to the son by Emery should have been credited in the son's account as executor of his mother's will, cannot, in the opinion of a majority of the court, be sustained; and the entry must be

*Decree of Probate Court affirmed.*