DANIEL W. ROBINSON, petitioner,

*vs.*

SAMUEL H. RING, administrator on the estate of FRANCIS B. RING.

Sagadahoc.    Opinion March 9, 1881.

*Administration.    Gift.    Deposit in Savings Bank.*

Notwithstanding there has been a final accounting by the administrator and decree of distribution; still, upon ascertaining that there are outstanding debts due the estate and collectible, the probate court may open the administration and order further proceedings.

Where A. deposited money in a savings bank in the name of B. without a declaration of trust at the time, or subsequently, and retained the deposit book in his possession until his death; *Held,*

That, in the absence of proof of any act or declaration under the pressure of immediate or impending death, or of proof of any delivery, or intent to give, the deposit in the bank in B.'s name belonged to A.'s estate, and not to B.

ON REPORT.

Appeal from decree of judge of probate.

At the July term, 1877, of the probate court, the defendant was appointed administrator. He filed his final account at the September term, it was allowed at the October term, and the order of distribution issued at the November term, 1877, and the same was returned and ordered recorded at the February term, 1878. This petitioner received and receipted for, upon the order of distribution, his distributive share.

(Petition.)

To the Hon. Judge of Probate for Sagadahoc County :

Whereas, Samuel H. Ring was appointed administrator on the estate of F. B. Ring, deceased, late of Richmond, Maine, and has pretended to settle a final account; and whereas, Stillman H. Ring has received from the savings bank where it was deposited the sum of thirteen hundred dollars ($1300,) deposited in said bank by F. B. Ring, in the name of said Stillman H. Ring, which sum formed and does form a part of the estate of the deceased, F. B. Ring; and whereas, this sum of thirteen hundred dollars has not been accounted for in the administrator's account,

I, Daniel W. Robinson, one of the legal heirs of the said F. B. Ring, humbly petition that the said administrator may be ordered to account for the same and make legal distribution thereof and for such further orders and decree as to your honor shall seem meet.

And thus in duty bound your petitioner will ever pray.

Daniel W. Robinson, petitioner,

Nephew and sole representative of deceased

sister of F. B. Ring.

(Decree.)

State of Maine, Sagadahoc ss. At a probate court holden at Bath, within and for said county on the first Tuesday of November in the year of our Lord one thousand eight hundred and seventy nine :

Upon the foregoing petition and upon full hearing of the parties thereon, it appearing to the court, that at the time of the decease of the said Francis B. Ring, he, the said Francis, had the sum of thirteen hundred dollars in the Richmond savings bank, which said sum, he, the said Francis, had in his lifetime deposited in said bank to the apparent and nominal credit of one Stillman H. Ring, and which sum was, nevertheless, the money of the said Francis at the time of his decease, and parcel of the assets belonging to his estate ; and it further appearing that the same was not and is not embraced in the inventory of the said estate to this court by the said administrator returned, and that the same has not in any way been charged to the said administrator, or otherwise by him accounted for ;

It is ordered and decreed.:

That the said administrator account for the said money and for any interest, income or accumulation thereon accruing, or which may accrue or ought to have accrued to, or upon the same, and that the said administrator present a further account of his administration of the said estate at the next regular session of this court for settlement, and such further proceedings as to the same, may lawfully appertain, and therein charge himself with said

money and increment thereof, which has or ought to have accrued to or upon the same.

W. GILBERT, Judge.

Other facts stated in the opinion.

*Daniel W. Robinson*, petitioner, *pro se.*

*J. W. Spaulding* and *F. J. Buker*, for the respondent.

The estate has been fully administered upon. The business was all regularly and publicly transacted, and at a time when all the facts relating to the $1300 were known. All the witnesses appear to have known of the gift from the deceased to his brother, Stillman. The petition does not allege, and the petitioner does not attempt to prove that he had not full knowledge of all the facts in relation to the $1300 gift at the time of the settlement of the administrator's final account. His remedy was by appeal from the decree allowing that account. He ought not to be permitted to stand by and see the final account settled, and take his distributive share, and nearly two years afterwards drag the administrator into court to account for money which never came to his hands. *Harlow* v. *Harlow*, 65 Maine, 448; *Parcher* v. *Bussell*, 11 Cush. 107.

The $1300 deposited by the deceased in the savings bank was not a part of the estate, but was the property of Stillman H. Ring. *Dresser* v. *Dresser*, 46 Maine, 67; *Carleton* v. *Lovejoy*, 54 Maine, 447; *Hill* v. *Stevenson*, 63 Maine, 367; *Tillinghast* v. *Wheaton*, 8 R. I. 536; *Camp's Appeal*, 36 Conn. 88; *Millspaugh* v. *Putnam*, 16 Abbott (N. Y.) 380; *Minor* v. *Rogers*, 40 Conn. 512; *Gardner* v. *Merritt*, 32 Md. 78; *Ray* v. *Simmons*, 11 R. I. 266; *Kerrigan* v. *Rautigan*, 43 Conn. 17; *Blanchard* v. *Sheldon*, 43 Vt. 512; *Davis* v. *Ney*, 125 Mass. 590; *Martin* v. *Funk*, 18 Alb. Law J. (N. Y.) 451; *Blasdell* v. *Locke*, 52 N. H. 238; *Howard* v. *Savings Bank*, 40 Vt. 597.

The facts in the case last cited are reported as follows: A. deposited money in the bank to the credit of B. but retained the deposit book. B. died without knowledge of the intended gift and shortly after A. died without ever having asserted any

right to the money, nor made any effort to recall the gift. It was held to be a completed gift.

The decree made by the judge of probate in this case can only work a great hardship upon this respondent who honestly administered upon the estate that came to his hands. When he was appointed administrator the money had been drawn from the bank by Stillman H. Ring, and, if a part of the estate, it was then in the nature of a claim against Stillman H. Ring, and should be inventoried as such. And that is what should be done now, and that should have been the decree, if it was a part of the estate and anything can be done under this petition.

APPLETON, C. J. This is an appeal from a decree of the judge of probate ordering that the defendant account for and distribute among the heirs of Francis B. Ring the sum of thirteen hundred dollars, belonging to that estate but not included in the inventory of the same.

Notwithstanding there has been a settlement of the final account of an administrator, still upon ascertaining that there are outstanding debts due the estate and collectible, the probate court may open the administration and order further proceedings. "Even after final accounting and distributing, an executor still continues to be a trustee." *Paff* v. *Kinney*, 1 Bradf. 1.

The question presented is whether there are such debts due the estate, which have not been accounted for and which may be collected.

It seems that Francis B. Ring, having deposited in the Richmond savings bank the sum of $2000, the bank refused to receive a further deposit in his name; that he then made a deposit of three hundred dollars in the name of his brother, Stillman H. Ring; that he continued depositing in his name until the sum amounted to thirteen hundred dollars; that during all this time he retained the deposit book in his possession; and that at the time of his death it was found among his papers. There is no evidence of any delivery of the same to the brother. At one time when Stillman H. Ring and his brother were looking over the papers of the deceased, he had this book in his hands and

asked his brother if he should keep it, to which the reply was, "No, not now, I will keep it."

No trust was declared when the deposits were made and there is no satisfactory evidence of any subsequent declaration of trust. Stillman H. Ring no where testifies that the deceased ever gave the deposit book to him.

This is manifestly not a gift *causa mortis*, for there is no evidence of any act or declaration under the pressure of immediate or impending death or of any delivery   *Grymes* v. *Hone*, 49 N. Y. 17 ; *Case* v. *Dennison*, 9 R. I. 88.

To constitute a valid gift *inter vivos* the giver must part with all present and future dominion over the property given. He cannot give it and at the same time retain the ownership of it. There must be a delivery to the donee.   *Carleton* v. *Lovejoy*, 54 Maine, 446. Here was no delivery as such. There is no act shown to have been done to pass the title.   *Brabrook* v. *Boston Five Cents Savings Bank*, 104 Mass. 228. In *Hill* v. *Stevenson*, 63 Maine, 367 a delivery of a savings bank book with intent to give the donee the deposits represented thereby, was held a good delivery to constitute a complete gift of such deposits, but here there is the absence of proof of any delivery or intent to give. There must be an intention to give and this must be carried into effect by an actual delivery.   *Taylor* v. *Fire Department of New York*, 1 Edw. Ch. 294.

In all the cases cited there was a delivery or a declaration that the deposits were in trust as in *Minor* v. *Rogers*, 40 Conn. 513, when shortly after the time of making the deposits, the depositor stated that the deposits were for the boy in whose name they were made by her, as trustee, and the court found it was a complete gift at the time of the deposit. In *Kerrigan* v. *Rautigan*, 43 Conn. 17, the deposit was made by the depositor as guardian for the niece, whose name the deposit was made and at the same time the declaration was made that it was for her. In *Davis* v. *Ney*, 125 Mass. 590, there was a delivery and assignment which the court held a valid gift. In *Blasdell* v. *Locke*, 52 N. H. 238, the deposit when made was intended as a gift and subsequently the donee was informed of such intention, and the court enforced

the trust upon which the deposit was made. In *Tillinghast* v. *Wheaton*, 8 R. I. 536, the gift was of one *in extremis*, and was accompanied with a delivery of the savings bank pass book.

Without going more fully into an examination of the authorities, the evidence fails to satisfy us that there was any intention to give, any delivery to, or any trust created in favor of, Stillman H. Ring.

*Decree affirmed.*

WALTON, BARROWS, DANFORTH, PETERS and SYMONDS, JJ., concurred.