EDWIN B. EASTMAN *vs.* WORONOCO SAVINGS BANK.

Hampden.     September 25, 1883. — January 2, 1884.

H. deposited a sum of money in a savings bank in the name of E., " subject to the order of H." A few days afterwards H. asked E. to come to his house, showed him the deposit-book, said he was going to give it to him, and delivered it temporarily into his possession. H. then said he would keep the book for E., as he had a safe, and took it and put it into the safe. On the same day, by E.'s request, H. signed and delivered to E. a paper certifying that the money was for him. H. never drew the interest upon the deposit, but allowed it to accumulate during his life, doing nothing to assert a personal ownership. E. gave seasonable notice to the bank that he should claim the money ; but the bank paid the same to H.'s administrator. *Held,* in an action by E. against the bank, after the death of H., for the amount of the deposit, that the jury were authorized to find a completed gift of the money by H. to E.; and that the bank had sufficient notice thereof.

CONTRACT for money had and received, being the amount of a deposit in the defendant bank, made by one Parley Hutchins in the name of the plaintiff, but " subject to the order of Parley Hutchins." At the trial in the Superior Court, before *Pitman,* J., the jury returned a verdict for the plaintiff; and the case was reported for the determination of this court. If there was no error, judgment was to be entered upon the verdict; otherwise, a new trial to be ordered. The facts appear in the opinion.

*H. B. Stevens,* for the defendant.

*E. H. Lathrop & G. Kress,* for the plaintiff.

C. ALLEN, J. The first question presented is, whether upon the evidence the jury were authorized to find a completed gift of the deposit in the savings bank by Hutchins to the plaintiff. In view of the recent decisions in this State, there would be no doubt of this, but for the fact that the deposit was made " subject to the order of Parley Hutchins." Omitting for a moment the consideration of the effect of this provision, there was evidence that Hutchins made the deposit in the name of the plaintiff; that a few days afterwards he asked the plaintiff to come to his house, showed him the book, said he was going to give it to him, and delivered it temporarily into his possession ; that he then said that he would keep the book for the plaintiff, as he had a safe, and took it and put it into the safe; that, on the same day, by the plaintiff's request, he signed and delivered to

the plaintiff a paper certifying that the money was for him; and that he never drew the interest upon the deposit, but allowed it to accumulate during his life, doing nothing to assert a personal ownership. It is true that the plaintiff said, in the course of his cross-examination, that he supposed he had no right to the money as long as Hutchins lived; but the jury may well have thought that the plaintiff did not mean to decline the gift, and may have found that his rights were in fact greater than he supposed they were. Upon the whole evidence, independently of the stipulation that the deposit was subject to the order of Hutchins, the intention to make an absolute gift was more clearly to be inferred than it was in *Gerrish* v. *New Bedford Institution for Savings*, 128 Mass. 159. In that case, such intention was found from evidence that the depositor took the bank-books in his own name as trustee for several persons, and never delivered them, and continued to draw the interest himself during his life, saying to the persons named as *cestuis que trust* that he had put the money into the bank for them, that he wanted to draw the interest during his lifetime; and that, after he was gone, they were to have the money.

It is then to be considered whether the stipulation which accompanied the making of the deposit, that it should be subject to the order of Hutchins, is decisive to negative the theory of a gift. It is to be borne in mind that no gift could be inferred merely from the making of the deposit in the plaintiff's name, and that plainly there was no completed gift on the day when the deposit was made, or until July 12, when the conversation took place between Hutchins and the plaintiff. It is possible that Hutchins, at the time of making the deposit and taking out the bank-book, may have had some different intention, or that his intention was not then fully formed. Whatever construction should be arrived at merely from a perusal of the language of the stipulation then made, that the money should be subject to his order, in the absence of extrinsic facts there is nothing in the existence of the stipulation which prevented the depositor from afterwards making an absolute gift of the money to the person in whose name the deposit was made. In other words, the existence of the stipulation is not decisive of itself, but is only one circumstance to be taken into consideration in

determining whether, in view of all the evidence, there was at any stage of the transaction an intention on the part of the owner to divest himself of the property in question, and transfer it to another. Each case must be looked at and determined upon its own circumstances. We are therefore brought to the conclusion, that there was evidence which would authorize the jury to find a completed gift to the plaintiff, made on July 12. See *Davis* v. *Ney*, 125 Mass. 590; *Martin* v. *Funk*, 75 N. Y. 134; *Murray* v. *Cannon*, 41 Md. 466, 477.

It is further contended, on the part of the defendant, that, even if there was a completed gift, the savings bank had no knowledge or notice thereof, and cannot be affected thereby. But the plaintiff gave seasonable notice to the treasurer that he should claim the money. This notice was given after the death of Hutchins, and six days before the defendant paid the money to the administrators. The treasurer was already aware of the fact that the deposit was in the plaintiff's name, and does not appear to have put any question seeking further information as to the plaintiff's rights, or as to the grounds of his claim, and, though on the stand as a witness, he made no suggestion that the plaintiff concealed or withheld from him any facts which he wished to know. Under the St. of 1876, *c.* 203, § 19, a simple and easy method was provided by which the savings bank could have protected itself, by declining to pay the money to the administrators of the estate of Hutchins without a judicial determination of its liability, and by making the plaintiff a party defendant if an action were brought by the administrators against it. The bank appears to have deliberately assumed the responsibility of making payment to the administrators, with knowledge of all such facts as it wished or cared to know.

For these reasons, in the opinion of a majority of the court, the entry must be                         *Judgment on the verdict.*