CATHERINE E. CURTIS *vs.* PORTLAND SAVINGS BANK.

Cumberland. Opinion March 5, 1885.

*Savings bank deposits. Gift.*

The plaintiff, by direction of her aunt four days before her death, took a key from her bureau drawer, unlocked her trunk and took therefrom her savings bank book, and thereupon the aunt said to the plaintiff: "Now keep this and if anything happens to me, bury me decently and put a headstone over me, and anything that is left is yours." *Held,* a *donatio causa mortis,* coupled with the trust indicated.

ON REPORT.

Assumpsit for money had and received.

The writ was dated September 6, 1883. The plea was the general issue.

The plaintiff is the niece of Mrs. Jane McCue, deceased, and brings this action to recover the balance due on the deposit made by Mrs. McCue in her lifetime, in the defendant bank. The plaintiff went with Mrs. McCue to the bank in March, 1878, when, by her aunt's direction, an officer of the bank made this memorandum on the deposit book, "Sub. also to Cath. E. Curtis." Mrs. McCue retained possession of the deposit book and subsequently on various occasions both deposited and drew out money on the deposit.

The plaintiff testified that "about noon on the 30th of May, 1883, a year ago. She [Mrs. McCue] called me to her and asked me if we were alone; I told her yes. She said, 'Go to the bureau drawer and get the key.' I went to the bureau drawer and got the key. She had two. She said, 'Take that key and unlock the trunk.' I unlocked the trunk and took the book to her. She said, 'Now, keep this and if anything happens to me bury me decently and put a headstone over me, and anything that is left is yours.' . . .

"Cross examined. Q. If I understand you, you say your aunt said to you, 'Take this book and if anything happens to me bury me, pay my debts and whatever there is left is yours?' A. Yes."

The plaintiff then took the book and kept it, and her aunt died June 4, 1883.

*J. and E. M. Rand,* for the plaintiff, cited :   *Davis* v. *Ney,* 125 Mass. 590 ; *Pierce* v. *Sav. Bank,* 129 Mass. 425 ; *Hill* v. *Stevenson,* 63 Maine, 367 ; 3 Redf. Wills. c. 12 ; *Parish* v. *Stone,* 14 Pick. 198.

*Ardon W. Coombs,* for the defendant.

The law requires clear and unmistakable proof of the following facts to sustain a gift *causa mortis :* 1. An intention on the part of the donor accompanied by evidence, that this intention has been perfected by an actual gift.   2. Delivery to the donee, who must retain possession until after the decease of the donor.   3. The donor must part with all interest in the property and dominion over it, subject only to revocation if death does not ensue. 4. The donation must be made in contemplation of near approach of death.   5. The gift must be so complete in form that no other act is required to be done. *Allen* v. *Polereczky,* 31 Maine, 339 ; *Northrop* v. *Hale,* 73 Maine, 66 ; *Dole* v. *Lincoln,* 31 Maine, 422 ; *Hatch* v. *Atkinson,* 56 Maine, 324.

In the case at bar there was no " clear and unmistakable proof" of an intention to give the funds represented by the pass book. Indeed the debts, funeral expenses, &c. of Mrs. McCue was first to be paid.   She retained an interest inconsistent with an intention to make a gift.

VIRGIN, J. When the plaintiff, by direction of her aunt, took the key from the bureau drawer, unlocked the trunk and took therefrom the savings bank book, her aunt said :   " Now keep this, and if anything happens to me, bury me decently and put a headstone over me, and anything that is left is yours."   This, in our opinion, constituted a gift *causa mortis.*

The former entry of, " subject also to Cath. E. Curtis," which the depositor caused the bank officer to make in March, 1878, in her savings bank book, and also in the book of the bank, showed that she then had in contemplation a gift to the plaintiff, but it was not completed by delivery. *Northrup* v. *Hale,* 73 Maine,

66. But on May 30, 1883, only four days before her death, the declaration above quoted, accompanied by the manual delivery of the deposit book, rendered unmistakable her intention. The delivery was sufficient. *Hill* v. *Stevenson*, 63 Maine, 364; *Pierce* v. *Five Cents Sav. Bank*, 129 Mass. 425; *Tillinghast* v. *Wheaton*, 8 R. I. 536.

Nor did the special qualification annexed to the gift defeat it. This was only coupling the gift with the trust that the donee should provide for the funeral of the donor. 2 Sch. Per. Prop. (2d ed.) § 195; *Hills* v. *Hills*, 8 M. & W. is precisely in point, and has been approved by the court in *Clough* v. *Clough*, 117 Mass. 85. See also *Davis* v. *Ney*, 125 Mass. 590. If there are any debts, the plaintiff must see them paid. *Pierce* v. *Five Cents Sav. Bank, supra.*

> *Judgment for the plaintiff for the*
> *amount due on bank book.*

PETERS, C. J., WALTON, LIBBEY, EMERY and HASKELL, JJ., concurred.