SMITH, *Adm'x,* v. OSSIPEE VALLEY TEN CENTS SAVINGS BANK.

OSSIPEE VALLEY TEN CENTS SAVINGS BANK *v.* SMITH, *Adm'x, & a.*

S. deposited money in a savings-bank in the name of his daughter, intending it as a present gift to her, subject to the right in himself and his wife to take the income during their lives.   The daughter was informed of the arrangement and assented to it, but the deposit-book was never delivered to her.   *Held,* to be a good gift of the deposit, subject to the life interest specified.

The first action is assumpsit, for a deposit in the defendant bank, made by the plaintiff's decedent, James Smith, in the name of his daughter, Huldah F. Smith, now Huldah F. Emerson, who appears as defendant in interest, claiming the fund.   The second suit is a bill of interpleader to determine to whom the bank shall pay the deposit.   Facts found by the court.

In 1871 James Smith deposited $450 in the name of his daughter Huldah, and took a deposit-book in her name.   Other deposits were afterwards made to the same account, and he withdrew some dividends, leaving the amount of the account, at the time of his death in 1884, $1,133.65.   He never made any statement or declaration to the bank, oral or written, in regard to the deposit or his intention, except that he directed it to be placed in the name of Huldah as above.

On one occasion before the marriage of Huldah, which occurred in 1874, he told her he had made the deposit, and intended it for her; that he should take the income while he lived, and wanted his wife, if she should survive him, to have the income while she lived.   At the same time he showed her the deposit-book, and she took it and saw the entries and deposits in her name, and assented; but it was not delivered to her.   Since the death of James, his widow, the administratrix, has had the book, and has drawn the dividends upon an order given to the bank by Huldah for that purpose, directing them to·retain the money deposited for her by her father, and. to pay the interest as it became due to her mother. James Smith intended the deposit as a gift to Huldah, subject to his taking the income while he lived, and to his wife's taking it for

her life, if she survived him. He informed Huldah of the gift, and she accepted it.

In 1878 James Smith executed a document in the form of a will, which failed for want of a seal. In that instrument he gave to his daughter Huldah $1,074.25, " which sum I have deposited in the Ossipee Valley Ten Cents Savings Bank in her name," that sum being in fact the amount of the deposit at the time the will was made. This document was offered as evidence that no gift of the deposit had been made to Huldah; and the questions as to its admissibility and legal effect were reserved for the opinion of the court. Such decree and judgment are to be entered in the cases as the court may order on the foregoing facts.

*George B. French*, for Huldah F. Emerson. The gift was complete with nothing to be done; no power of revocation was retained. The enjoyment of the income of the gift, not by personal possession and use, but by receiving the same from the bank, was not adverse to the gift of the principal. It is a mistake to regard the book as the property given. It is but the evidence of a deposit, and a gift of the book would transfer only an equitable title in case the possessor of the book owned the deposit. When the bank accepted the deposit in the name of this claimant, it became liable to pay the amount to the claimant the moment she as the third person interested knew of it and assented. *Blasdel* v. *Locke*, 52 N. H. 238; *Gerrish* v. *New Bedford Institution for Savings*, 128 Mass. 159, 163, 164; *Davis* v. *Ney*, 125 Mass. 590; *Stone* v. *Hackett*, 12 Gray 227; *Martin* v. *Funk*, 75 N. Y. 134; Perry Trusts, ss. 143–145; *Howard* v. *Savings Bank*, 40 Vt. 597; *Barker* v. *Frye*, 75 Me. 29; *Duncan* v. *Self*, 1 Murph. 466; *Minor* v. *Rogers*, 40 Conn. 512—*S. C.*, 16 Am. Rep. 69; *Camp's Appeal*, 36 Conn. 88—*S. C.*, 4 Am. Rep. 39; *Gardner* v. *Merritt*, 32 Md. 78—*S. C.*, 3 Am. Rep. 115. These cases are not at variance with cases where a power of revocation was retained, or where the donor was not informed of the gift, where there was no acceptance, or where the intention to make a gift is not found, as in the following cases: *Taylor* v. *Henry*, 48 Md. 550; *Burton* v. *Bank*, 52 Conn. 398; *Minor* v. *Rogers*, 40 Conn. 512.

*J. Hobbs* and *E. A. Hibbard*, for Rebecca Smith. The money deposited was the property of James Smith, the plaintiff's intestate, and at the time of the bank deposits there was no statement or declaration made by the deceased depositor, either to the bank or to the claimant, Huldah F. Emerson, as to any intention to make a present, absolute gift of the same to any person. The case shows that there never was at any time any intention to make a present, unconditional gift. The depositor retained the bank book, and so the control of the fund. The claimant was neither party nor privy to the transactions of making the deposits

in her name. The facts stated show at most a case of an executory trust, which being without legal consideration is not enforceable. *Bartlett* v. *Remington*, 59 N. H. 365.

If a trust was created, it was nominal and rested in parol; and the enforcement of it would be making a testamentary disposition of the property in controversy not in accordance with the statute of wills.

To make a gift *inter vivos* complete, there must be an actual transfer of all right and dominion over the thing given by the donor, and an acceptance by the donee. It is essential to such a gift that it transfer the property at once and completely ; for if it has reference to a future time when it is to operate as a transfer, it is but a promise without consideration, and cannot be enforced either at law or in equity. *Taylor* v. *Henry*, 48 Md. 550—*S. C.*, 30 Am. Rep. 486, 489; *Reed* v. *Spaulding*, 42 N. H. 114. The deposit-book, as appears, was merely shown the claimant; and a mere intention to give, or a naked promise to give, without some act of delivery, is not a gift. *Cutting* v. *Gilman*, 41 N. H. 153 ; *Noble* v. *Smith*, 2 Johns. 52.

BINGHAM, J. If A place money for B in a bank, taking a deposit-book for it in his name, and subsequently notifies him of the credit and that he intended it as a gift, which B accepts, does this vest the title in him, and divest A of all title and possession of it, if he retains the deposit-book ? In *Blasdel* v. *Locke*, 52 N. H. 238, a bill in equity by the administrator of the donor against the bank and the donee to recover a deposit, on similar facts, though less favorable to the defendants, it was held " that the deposit created a trust in the bank in favor of B, and that upon information of what had been done being conveyed by A to B, and acceptance by B, her title to the money became absolute, although there was no delivery of the deposit-book." The failure to deliver the deposit-book did not make the transaction an executory instead of an executed trust and perfected gift.

In the case at bar, the father of the defendant Huldah deposited in the bank in her name, before her marriage, the money in controversy. He made no declaration to the bank other than to direct the deposit in his daughter's name and receive the deposit-book. He intended, however, the deposit as a gift to her, subject to his taking the income while he lived, and to his wife's taking it for her life if she survived him. He afterwards showed the deposit-book to his daughter, she saw the entry, and he informed her of the gift and she accepted it, he retaining the book during his life to enable him to draw the income. We understand the case to find that the father intended, at the time of making the deposit, to make a present gift to his daughter, subject to the taking of the income, unless the evidence of the imperfectly executed will was in law conclusive. The will was not conclusive evidence, even if

competent, on the question, and the case stands on the finding of the court on all the evidence, including the will. The administratrix of James Smith, the father, claims that the transaction was in the nature of a testamentary disposition of the property, not in accordance with the statute of wills. *Bartlett* v. *Remington*, 59 N. H. 365. There is, however, a marked distinction between this case and that of *Bartlett* v. *Remington*. In that case the deposit was made in the name of the person making it, for Sarah Sturoc, on the trust that the depositor was to hold the title and the power to dispose of the property so long as she lived, and then what was left was to go to Sarah. This was held to be an executory trust, not an executed one. In this case the money was deposited in the name of a third party, the depositor intending to make a present gift of it, subject to the taking of the income. To establish a valid gift, a delivery of the subject-matter to the donee or to some person for him, so as to divest the title and possession of the donor, must be shown; and the inquiry is, whether a valid gift *in presenti* can be made of money, subject to the right of the donor to take the income. Such a gift, we think, may be made by a proper transfer to a trustee; and the question is, whether the facts of this case present such a transfer. If A deposits money in B's name, without his knowledge, intending it as a gift, it is not perfected, as the assent of both parties is necessary. *Peirce* v. *Burroughs*, 58 N. H. 302. But when B is notified of the gift and accepts it, his legal title to the money is perfected, and if not paid on demand he may maintain his action at law to recover it. A could have no action for the money, either at law or in equity, as all title and right of possession have passed from him. Again: If A deposits money in B's name to his credit, intending it as a present gift, but to remain in the bank during the lives of A and his wife and that of the survivor, subject to the income being taken by them, the bank takes the money on the trust to hold it for the term, pay the income to A and wife, or the survivor, during the term, and at the close pay the principal sum to B, and when B is notified of the gift and accepts it with its burdens and conditions, a title to the principal is perfected in him, subject to the equitable right of A and wife to take the income. A's title and possession and all right to a title or the possession of the principal is as entirely divested at the moment of the acceptance as if it were to be paid by the bank to B on demand. It is an executed, perfected gift as to A. He has delivered the money to the bank: his dominion and power to revoke are gone. His situation is not dissimilar to what it would have been had he given the money accompanied by an unqualified delivery to B, vesting the title and possession in him on B's undertaking to account to A for the income he might receive from it during the term,—the important difference being that the payment of the income to Smith and wife is secured and made through a trustee—practically, at least, the safer way.

Just what it is necessary to do to pass the title to money through the intervention of a savings-bank the authorities do not agree in the different states, and often in the same state, and it would be a difficult task to reconcile them. The doctrine of *Blasdel* v. *Locke*, *supra*, is not supported in all of its positions by all of the authorities, but we see no good reasons for departing from it, and think it supports the conclusions to which we have arrived. The following authorities discuss the questions involved in this case: *Scott* v. *Bank*, 140 Mass. 157, 165; *Davis* v. *Ney*, 125 Mass. 590; *Gerrish* v. *Institution*, 128 Mass. 159; *Turner* v. *Estabrook*, 129 Mass. 425; *Ide* v. *Pierce*, 134 Mass. 260; *Eastman* v. *Bank*, 136 Mass. 208; *Sherman* v. *Bank*, 138 Mass. 581; *Nutt* v. *Morse*, 142 Mass. 1; *Curtis* v. *Bank*, 77 Me. 151—*S. C.*, 52 Am. Rep. 750; *Marston* v. *Marston*, 64 N. H. 146; *Robinson* v. *Ring*, 72 Me. 140—*S. C.*, 39 Am. Rep. 308; *Martin* v. *Funk*, 75 N. Y. 134; *Young* v. *Young*, 80 N. Y. 422; *Willis* v. *Smyth*, 91 N. Y. 297; *Mabie* v. *Bailey*, 95 N. Y. 206; *Burton* v. *Bank*, 52 Conn. 398—*S. C.*, 52 Am. Rep. 602; *Minor* v. *Rogers*, 40 Conn. 512; *Camp's Appeal*, 36 Conn. 88; *Millspaugh* v. *Putnam*, 16 Abb. Pr. 380; *Gardner* v. *Merritt*, 32 Md. 78—*S. C.*, 3 Am. Rep. 115; *Ray* v. *Simmons*, 11 R. I. 266 —*S. C.*, 23 Am. Rep. 447; *Taylor* v. *Henry*, 48 Md. 550—*S. C.*, 30 Am. Rep. 486, 489; *Howard* v. *Bank*, 40 Vt. 597; *Pope* v. *Bank*, 56 Vt. 284; *Marcy* v. *Amazeen*, 61 N. H. 131.

Decree, that the plaintiff in the bill of interpleader pay the income of the deposit to Mrs. Smith during her life, and at her death the principal to Huldah F. Emerson. In the suit at law, judgment for the defendant. The costs will be adjusted at the trial term.

ALLEN, J., did not sit: the others concurred.