CASE 81—ORDINARY—OCTOBER 7, 1882.

# Nutter v. Johnson.

APPEAL FROM FAYETTE CIRCUIT COURT.

1. When the defendant pleads to a reply which is not stated in the caption as a " counter-claim," as required by subsection 4 of section 97, Civil Code, without objecting, he waives his right to object after he has tendered an issue thereupon.
2. Appellee's motion for a judgment notwithstanding the verdict should have been denied.

BRECKINRIDGE & SHELBY FOR APPELLANT.

1. A party, by pleading to a counter-claim defective in its caption, under subsection 4, section 97, Civil Code, waives the defect. (Cason v. Cason, 79 Ky. Rep., 558; Whittington v. Roberts, 4 Mon., 174.)
2. The court erred in rendering judgment for appellee non obstante veredicto.

HUNT & DARNALL FOR APPELLEE.

1. Section 386, Civil Code, provides that "judgment shall be given for the party whom the pleadings entitle thereto, though there may have been a verdict against him."
2. Subsection 4, section 97, requires that the plaintiff shall not have judgment upon a counter-claim unless the caption of his reply contain the words "reply and counter-claim."
3. Appellant should not be allowed in this court to complain that the circuit court did not do that which he did not ask. (Civil Code, sec. 386; Ib., sec. 97, subsec. 4; Ib., sec. 96 and sec. 90; Cason v. Cason, 79 Ky. Rep., 558.)

Nutter v. Johnson.

CHIEF JUSTICE HARGIS DELIVERED THE OPINION OF THE COURT.

It was decided in the case of Cason v. Cason, 3d Law Reporter, 367, that the object of subsection 4 of section 97 "is to apprise the adverse party that a claim is set up either in the nature of a set-off or counter-claim, upon which a judgment is sought, and to prevent him from being misled by denominating it an answer only."

And as the plaintiff replied to the answer of defendant containing a counter-claim without requiring, by motion, the character of the pleading to be given in the caption, he waived his right to raise that objection after issue upon the counter-claim.

In the case before us, the appellee pleaded a counter-claim in his answer, to which appellant replied, pleading a counter-claim growing out of the transaction on which appellee's counter-claim was based. The appellee, instead of moving the court to require the appellant to give the character of his pleading in the caption of the reply, intentionally and carefully avoided referring to the omitted description in the caption of the reply, and contented himself with moving to strike out of the reply certain portions that embraced the counter-claim.

That motion was overruled; the appellee excepted, and filed a rejoinder controverting the same allegations of the reply which he had moved to have stricken out, and the parties went to trial.

A verdict was rendered in behalf of the appellant for a sum less than the counter-claim embraced by his reply, and the appellee moved for judgment notwithstanding the verdict, and the court sustained the motion, and rendered judgment accordingly, from which the appellant appeals.

It is clear that the appellee was attempting, with full knowledge that the reply embraced a counter-claim, to get the advantage of having made a motion to compel the appellant to add the word "counter-claim," in the caption of his reply without putting the appellant on his guard as to the omitted word.

Such practice is not allowable, and ought not to be toler-ated.

If the appellee had moved to strike out the counter-claim because it was not named in the caption, or by any other form of motion notified the appellant of the defect in his reply, and he had refused or failed then to have amended it, the judgment notwithstanding the verdict might possibly have been proper. This would depend greatly, however, upon the issues, conduct, and circumstances of the trial.

The appellee showed, by his motion and rejoinder putting in issue the material allegations of the reply, that he was not misled, but enjoyed the same rights, advantages, and op-portunities in the trial as if the reply had contained in the caption the word "counter-claim," and his right to rely on such an objection, after an issue upon the counter-claim and a fair investigation thereof by the jury, was waived, and his motion for a judgment notwithstanding the verdict should have been denied.

As no bill of exceptions appears in the record, and no cross-appeal is prosecuted by appellee, it must be presumed that the instructions were right, and that the evidence sus-tained the verdict.

Wherefore, the judgment is reversed, and cause remanded, with directions to render judgment in accordance with the verdict.