## MILES v. BOYLE et al.

Where a sufficient counterclaim has been pleaded, plaintiff cannot without defendant's consent dismiss the action.

Where defendants failed to designate any part of their answer as a counterclaim, but plaintiff replied when no reply was proper, unless the answer was considered as containing a counterclaim, the answer upon plaintiff's motion to dismiss will be treated as embracing a counterclaim.

In an action to quiet title where plaintiff's rights were based upon the claim that he and his grantors had been the owners under

color of title and in possession for more than ten years last past, and such claim was denied in the answer, and it appeared that two years had elapsed since the action had begun, and that, if the action was dismissed and a new action brought by either party to quiet title, the two years or more elapsing since commencement of the present action would when added to the period prior thereto during which plaintiff had had possession be sufficient to give him rights of which he was not possessed when he brought the present action, the motion should be denied, even if the answer was not replied to as embracing the counterclaim.

(Opinion filed, October 4, 1910.)

Appeal from Circuit Court, Sully County. Hon. LYMAN T. BOUCHER, Judge.

Action by John A. Miles against Albert C. Boyle and others. From an order denying a motion to dismiss, plaintiff appeals. Affirmed.

Gaffy & Stephens, for appellant.  C. E. De Land, for respondents.

WHITING, P. J.  Plaintiff brought this action to quiet title to certain lands, and made one Albert C. Boyle defendant. Judgment by default was taken as against Albert C. Boyle, and afterwards, upon a showing made by the heirs of Boyle to the effect that said Boyle died prior to such judgment, the judgment was opened up, and such heirs allowed to answer. In such answer, they denied plaintiff's claim of title, alleged title in themselves, and prayed affirmative relief by asking that title to such land be quieted in them. They failed, however, to designate any part of such answer as a counterclaim. The plaintiff replied to such answer. After issue so joined, the plaintiff asked leave to dismiss the action without prejudice to the bringing of another action. This motion was resisted upon the following grounds: "First, that this case cannot be dismissed as against these defendants for the reason that the defendants have set up an affirmative defense in their answer, and asked for an affirmative relief. Second, for the reason that, if this case is now dismissed out of court, the defendants will be prejudiced necessarily, and deprived of substantial right, in that the 10-year statute of limitations in this state concerning payment of taxes and possession for 10 years, or the

payment of taxes on land that is vacant and unoccupied, is involved in this case, and if applied in the case now before the court would necessarily pertain to a series of 10 years prior to the commencement of this action, whereas, if this case were dismissed out of court and the plaintiff were to commence another action, and the same issues being involved, the defendants would be prejudiced with reference to the 10-year statute, in this: that in that event the time which elapsed between the beginning of the present action and the next action, if one is brought, will enable the plaintiff to show a 10-year successive series of transactions under said statute of limitations, commencing 2 years later, and will throw out of consideration the 2 years first under consideration of the 10 years involved in the action as it now stands pending in this court, and the same will be true if the defendants were required to commence an action asking affirmative relief and being obliged in that action to defend against the statute of limitations set up by the plaintiff." Defendants submitted an affidavit in support of their objections to the motion. The motion to dismiss was denied, and it appears the denial was based upon "said answer or counterclaim, said reply, said objections to said motion to dismiss, and said affidavit." Plaintiff has appealed from such order refusing to dismiss the action, and contends that such trial court was not justified in making such order.

Appellant is clearly in error, for the reasons: first, that for the purposes of the motion the answer must have been treated as containing a counterclaim; second, that, even if such answer were not to be treated as containing a counterclaim, the facts before the court fully justified the order. We think it will be conceded that whenever a sufficient counterclaim has been pleaded, the plaintiff cannot against the consent of defendant dismiss the action. Was there then a counterclaim pleaded herein? This court in the case of State et al. v. Coughran, 19 S. D. 271, 103 N. W. 31, has adopted the rule, adopted by the Supreme Court of Wisconsin in Stowell et al. v. Eldred, 39 Wis. 614, and approved by the Supreme Court of California, that "no averments in a pleading will be treated as constituting a counterclaim, unless they are so

designated in the answer [pleading], and it contains a proper prayer for judgment." Appellant might have relied upon this rule, but he saw fit not to do so. He treated the answer as containing a counterclaim by replying thereto, which reply was before the court when the court made its order. In Selleck v. Griswold, 49 Wis. 39, 5 N. W. 213, decided after the rule above referred to was laid down by the Wisconsin court, it was held that where an answer sets out facts sufficient to constitute a counterclaim (though it was not designated as a counterclaim) and judgment was demanded thereon, and the plaintiff treated it as a counterclaim by replying to it and going to trial upon the issue so raised, it was too late upon appeal to claim that the pleading was not a counterclaim. This case has been followed by later Wisconsin cases. In Kentucky there is a statute requiring the use of the word "counterclaim" in a pleading in order for the same to be considered as a counterclaim. In the case of Cason v. Cason, 79 Ky. 558, the court says: "The object of this provision is to apprise the adverse party that a claim is set up either in the nature of a set-off or counterclaim, upon which a judgment is sought, and to prevent him from being misled by denominating the pleading an answer only. In the present case, the counterclaim is styled answer of defendant. This answer asks a judgment over, and contains all the averments necessary to make it a counterclaim, and the appellant (plaintiff below) replied to the counterclaim, and on that pleading an issue was formed. The appellant could not have been misled in such a state of case, and he waived all right to object to the pleading after issue joined." See, also, Nutter v. Johnson, 80 Ky. 426. The appellant saw fit to reply to the answer, when no reply was proper unless such answer were considered as containing a counterclaim, such reply was not withdrawn, and, when appellant moved to dismiss his action, the case stood exactly as though the defendant's pleading had been designated therein as a counterclaim. The trial court could not have done otherwise than to deny appellant's motion. Subera v. Jones, 20 S. D. 628, 108 N. W. 26. But, even if the answer had not been replied to, it appears by the findings of fact made by the court at time of rendering default judgment herein that appel-

lant's rights are based upon the fact "that the plaintiff, by himself and his grantors, has been the owner under color of title of the tract described in the complaint, * * * and in possession thereof for more than 10 years last past." This finding is denied in the answer, and it is therefore apparent that the question of period of possession and time of payment of taxes is of importance in this case. It clearly appears from the affidavit submitted by respondent in opposition to the motion to dismiss that some two years had elapsed since the action had begun, that if this action were dismissed, and a new action brought by either party for the purpose of quieting the title to this land, the two years or more elapsing since the commencement of the present action would, when added to the period prior thereto during which appellant had had possession, be sufficient to give him rights which he was not possessed of when he brought this action, and that the respondent would, for the above reasons, be greatly prejudiced in his rights by the granting of such motion. This case is very similar in principle to that of Axiom Min. Co. v. Little, 6 S. D. 438, 61 N. W. 441, and the following from the opinion in that case may well apply here: "We think this is a case in which the plaintiff ought not to be allowed to discontinue, without regard to the question of whether, strictly construed, the answer should or should not be held to plead a counterclaim. As before observed, the rule allowing or disallowing the right of a plaintiff to discontinue is not an inelastic or arbitrary one, applying only to counterclaims. It covers cases of counterclaims, not simply because they are counterclaims, but because they are within the principle or reason of the rule which refuses the right to discontinue where to do so would work a material injury to the defendant."

The order of the trial court is affirmed.