## Gilliam, et al. v. Gilliam, et al.

(Decided December 15, 1911.)

Appeal from Pike Circuit Court.

1. Decedent's Estate—"Married Woman's Act."—Recognition by the husband of an indebtedness due the wife on account of money inherited by her and converted to his own use prior to the "married woman's act," is sufficient to sustain a judgment in favor of the widow against the estate of her husband, where the rights of creditors are not affected.

2. Same—Right of Widow to Collect Money Advanced to Pay Debts of Husband.—Where the widow pays out of her own means demands due by the estate of her husband, she has the same right to collect the amounts so paid from the estate as any other creditor.

ROSCOE VANOVER for appellants.

J. S. CLINE for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

D. L. Gilliam died intestate, leaving surviving him his widow, Mary Gilliam, and a large number of collateral kindred. In a suit brought by the administrator to settle the estate, his widow asserted a claim against it for Five Hundred Dollars, with interest from January 1, 1893, alleging that her husband had received this amount of money that belonged to her, and converted it to his own use; also a claim of $134.00 paid by her on account of his burial expenses and doctors' bills. Delmond Johnson asserted a claim for $500.00 for labor performed for the decedent, and Grundy Johnson presented a claim of $480.00 for work. The lower court, after considering the evidence, allowed the widow $500.00 on account of the money advanced to her husband, and $134.00 the amount paid by her for the estate; and allowed Delmond Johnson $100.00, and Grundy Johnson $50.00.

The administrator appeals from these various judgments, and insists that no part of these claims should have been allowed.

The Five Hundred Dollar claim asserted by Mrs. Mary Gilliam was created in this way: She was married to the decedent sometime before 1893, and in 1893 she received in the settlement and distribution of her father's estate, $500.00. This amount her husband took possession of without her consent and converted it to his own use. The evidence shows that he recognized his indebtedness to his wife in this sum, and one witness testifies that the decedent told him in a conversation sometime before his death, that "he had received $500.00 of Mary Gilliam's money that she had received from her father, and that he had used the money to pay off some loans and a bond he had become surety on for Benton Gilliam, and that he intended to give Mary Gilliam a note for that $500." Counsel for appellant does not controvert the fact that the husband received this money of his wife's, nor does he seriously question the truth of the testimony that he promised to return it to her; but, he insists that as she did not expressly rest her right of recovery upon the ground that her husband had promised to re-pay it to her, but rather sought to re-cover it upon the theory that without her consent he had converted her money to his own use, that she is not under the pleadings entitled to the judgment in her favor. This argument is based upon the ground that the conversion of this money by the husband took place before the passage of the present "married woman's act," and that under the law at the time the husband took possession of it, he had the right so to do, and his wife could not assert any claim against him for it. It may be conceded that her pleading does not aptly set up the real ground upon which her right of recovery is rested, but we think it is sufficient to sustain the judgment in her favor if supported by evidence that the husband promised to re-pay it. Although the present "married woman's act" was not in force at the time the husband took possession of this money, yet if he recognized his obligation to re-pay it to her, we know of no reason why she should not recover it when the rights of creditors will not be affected. There is no claim in this case that the rights of creditors will be prejudiced by the allowance of the wife's claim. The only contest is between the widow on

the one side and some nieces and nephews and other collateral kindred of the husband on the other. We think the evidence of the husband's recognition of his indebtedness to his wife on account of this money was sufficient to create a trust in her behalf that entitled her to recover from his estate the amount he held for her. Bohannon v. Bohannon, 29 Ky. L. R., 143.

As to her claim for $134.00, if she paid out of her own money, as the evidence shows she did, this amount in settlement of valid debts against the estate, we know of no reason why she should not be allowed to assert a demand against the estate for the amount so paid. Where the widow pays out of her own means demands due by her husband that she is not personally responsible for, she has the same right to collect the amount so paid from the estate as any other creditor.

It is said in brief that there was a surplus of $25.00, and that one-half of this was paid to the widow, when no part of the surplus should have been paid to her until the debts were paid, and therefore her claim should have been reduced at least by this sum. But if we understand the record, it does not show that she received any part of this surplus of $25.00.

The evidence also shows that there was set apart to the wife personal property of the value of about $184.00, upon her claim that it was her separate property and no part of her husband's estate. Appellant contends that the evidence does not show that she was entitled to this property. The evidence is conflicting, but we think there was sufficient to justify the court in holding that it belonged to the widow.

It is further contended that the court should not have allowed the Johnsons anything on account of the claims asserted by them, as the evidence does not show that they were entitled to recover anything on these claims. There is considerable evidence on both sides in the record as to the validity of these debts and the amount due; but we are not disposed to disturb the finding of the trial judge on these questions of fact.

Wherefore the judgment is affirmed.