## Wainscott, et al. v. McBroom, et al.

(Decided June 6, 1924.)

### Appeal from Madison Circuit Court.

1. Life Estate—Life Tenant Not Entitled to Lien for Improvements. —Holder of life estate may not erect permanent improvements, even though he at time believes in good faith he is absolute owner, and thereafter enforce lien therefor against whole estate.

2. Joint Tenancy—Joint Owner Entitled to Lien for Improvements. —A joint owner in possession, claiming in good faith he has title to whole, who erects permanent improvements beneficial to interests of each of joint holders and which increases value of whole estate, is entitled to assert a lien to extent of increase in value to whole estate, and this includes repairs made to a dilapidated house.

3. Partition—Plaintiff Held Properly Charged with One-Third of Costs.—Plaintiff, in equitable action for partition of property and accounting for rents and profits, held properly charged with one-third of costs of action.

4. Partition—Attorney for Plaintiff Held Not Entitled to Fee as Against Share to Children Employing Other Counsel.—Counsel for plaintiff in partition and for accounting was not entitled to a fee as against share of proceeds of sale belonging to certain children, where they refused to join in action as plaintiffs and were represented by another attorney as defendants.

E. SELBY WIGGINS for appellants.

STEPHEN D. PARRISH, BURNAM & GREENLEAF, and G. MURRAY SMITH for appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Affirming.

M. D. Wainscott died in 1894, the owner of a house
and lot in Richmond. He left a widow, Angelina, two
daughters, Mrs. Cunningham and Mrs. McBroom, and
appellant, George Wainscott, a grandson, as his heirs at
law.

The widow and her daughter, Mrs. McBroom, con-
tinued to occupy the house and lot as a home until the
death of the widow in 1907. Before her death, however,
Mrs. Cunningham had died leaving two children, appel-
lees, Joe and Clinton Cunningham.

In 1867 and again in 1883 M. D. Wainscott executed
two deeds of trust for the use and benefit of his wife
Angelina, but which, if there was in fact any considera-
tion whatever for their execution, created only a lien or
mortgage upon this house and lot, and such lien is not
shown to have ever been foreclosed.

With this for a basis, the widow Angelina appears
to have believed in good faith that the title to the prop-
erty was really in her, and exercised apparently full
ownership over it at all times after his death. Accord-
ingly some time before her own death, she made a will
by which she devised the house and lot in question to her
daughter, Mrs. McBroom, for life, and in remainder to
her grandchildren, George Wainscott, Miller Davidson
(a son of Mrs. McBroom by a former marriage) and the
two Cunningham grandchildren, one-third to each *per
stirpes.*

After the death of Angelina, Mrs. McBroom con-
tinued to occupy the house and lot under the provisions
of her mother's will until the year 1919, at which time
George Wainscott, the grandson, brought this equitable
action asserting he was the owner of the one-third un-
divided interest in the house and lot as heir at law of his
grandfather, alleging the indivisibility of the property
and asking for a sale of it and a division of the proceeds,
as well as an accounting from Mrs. McBroom for the
rents and profits.

In her answer Mrs. McBrown denied plaintiff's title
and asserted title in herself to the life estate under the
provisions of her mother's will. On this branch of the
case, however, there is no controversy here, for the lower
court adjudged the property to be that of the heirs at law
of M. D. Wainscott, directed a sale of it which was exe-

cuted, and at which Mrs. McBroom became the purchaser. The proceeds of that sale have been distributed, and there is no controversy concerning them except as to the costs of the action and a refusal to allow an attorney's fee.

After the enforcement of the judgment of sale considerable evidence was taken by the parties on the issues involving the rental value, the erection of valuable permanent improvements by Mrs. McBroom, and the payment of taxes, insurance and repairs by her. The cause was referred to a commissioner as to these items, and he reported that at the time of the death of Mrs. Wainscott the property was in a very dilapidated condition and had no rental value; that thereafter Mrs. McBroom expended in permanent improvements on the property $1,600.00, and in addition frequently during her occupancy had the house painted and papered, and at one time had a new roof placed on it. That in addition to that the taxes and insurance on the property during that period amounted to about one hundred thirty or one hundred forty dollars a year. That the rental value after such improvements were made was $25.00 per month; that the improvements added to the value of the property more than their actual cost, and that Mrs. McBroom in making said improvements acted in good faith, and believed that she was the owner of the property for her life. He finds that the rental value of the property was equaled if not exceeded by the improvements, the cost of ordinary maintenance and the taxes and insurance, and recommended that the two claims be off-set one against the other.

After elaborate exceptions to this report by plaintiff, the court overruled each of them and confirmed the report in full, and from that judgment this appeal is prosecuted.

Mrs. McBroom was a joint owner in possession by inheritance from her father, and not the mere holder of a life estate under the will of her mother. Such holder of a life estate is not permitted to erect permanent improvements, even though he at the time believes in good faith he is the owner of the whole, and thereafter enforce a lien against the whole estate for such improvements. In such cases the remainderman would be required to take his estate burdened with such lien when he had had no part in creating it; or the lien might be of such proportions as to cause him to lose his entire remainder in-

terest. But a joint owner in possession, claiming in good faith to own the title to the whole, who erects permanent improvements which are beneficial to the interest of each of the joint holders, and which increases the value of the whole estate, is entitled to assert such lien to the extent of the increase in value to the whole estate. The precise question was fully discussed, and this distinction clearly pointed out in the case of Ratterman v. Apperson, Exor., 141 Ky. 821. And this rule has been held to include necessary repairs made to a dilapidated house by a joint owner in possession. Larmon v. Larmon, 173 Ky. 477; Alexander v. Ellison, 79 Ky. 148.

Therefore, as the court and its commissioner have each found as a fact that the permanent improvements together with the taxes, insurance and repairs paid by Mrs. McBroom were equal to or greater than the rental value of the property while occupied by her, and as the evidence appears to sustain this finding, the judgment on this branch of the case is approved.

It is further complained that the trial court erred in assessing one-third of the costs of this action against the plaintiff. Costs were incurred in at least two branches of this litigation. The costs in that branch designed to determine the title were comparatively light, while on the branch involving the rents and improvements a great deal of evidence was taken and the costs were much greater. On the latter branch wherein the costs were heaviest the plaintiff was wholly unsuccessful, while in the first branch he was wholly successful. The trial court therefore in the exercise of a sound discretion appears to have at least charged no more costs against appellant than he should have been required to pay.

Appellant's counsel, who is a party to the appeal, also claims that the court erred in refusing to allow him, as attorney for the plaintiff, a counsel fee to be taxed as costs against that share of the proceeds of the sale belonging to the Cunningham children.

The plaintiff not only alleges in substance that the Cunningham defendants had declined to join him in this action, but when they were made defendants they came in by answer and asserted their rights through another attorney entirely, and at no time during the litigation do they appear to have been represented by the plaintiff's attorney. Manifestly under these circumstances, those parties having an attorney of their own, to whom they must presumably pay a fee, should not be required to also

pay a fee to the plaintiff's attorney, and more particularly when they had expressly declined to join as plaintiffs.

The judgment of the court appears to be in accord with the equities of the case, and it is therefore affirmed.