## Wagner Coal Company v. Roth Coal Company.

(Decided January 13, 1925.)

### Appeal from Bell Circuit Court.

1.  Joint Tenancy—Each Half-Owner of Spur Track Liable for One-Half Cost of Repairs, Regardless of Extent of Use.—Half-owners of spur track, necessary to operation of their respective coal mines, are liable for one-half cost of repairs, regardless of extent of use of each.
2.  Joint Tenancy—Half-Owner of Spur Track Not Relieved from Liability for Repairs by Co-Owner's Lease.—That lessee of one-half owner of spur track agreed to keep it in repair does not relieve owner of other half, a stranger to such lease, from liability for its half of cost of repairs.

WM. LOW and LOW & BRANT for appellant.

JAMES HENRY JEFFRIES for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

Some years ago Simeon Chappel built a spur track connecting his coal land with the L. & N. Railroad. Afterwards he conveyed a part of his land and one-half of the spur track to another, under whom the Wagner Coal Company now holds. Afterwards he conveyed other land and one-half the spur track to the Pineville Coal Company. The Roth Coal Company holds under a lease made by its vendee, or one holding under it. By the terms of the lease the Roth Coal Company agreed with its lessor to keep in repair the spur track. In the spring

of 1920 the L. & N. Railroad Company gave notice that the trestle on this spur track must be repaired at once. The trestle was built of timbers, which had rotted, thus making the track unsafe for trains.   The Roth Coal Company notified the Wagner Coal Company of this demand to repair the trestle but the Wagner Company took no action.   There is some dispute in the evidence as to whether the letters were received, but it is clear that the Wagner Company well knew that the Roth Coal Company was making the improvement and would look to it for a reimbursement. The Wagner Coal Company failed to pay and this suit was brought by the Roth Coal Company to enforce the claim.   The proof on the trial showed that the improvements cost something over $8,000.00. The plaintiffs sought to recover one-half of this, as the Wagner Company owns one-half the property.   The jury returned a verdict in favor of the plaintiff for $2,000.00. Judgment was entered upon the verdict and the defendant appeals.

It is insisted for the defendant that the plaintiff ships five times as much coal as it ships and has a much larger acreage of coal than the defendant.   But this is not material.   Neither could operate its coal mine without the spur track.   Each must use it every day.   The defendant owns one-half the property.   The cost of the improvement should fall on the owners in proportion to their title and not according to the number of tons of coal shipped over the track.   If the defendant exhausts its coal and has no further use for the spur track it will still own one-half of it and this it can sell.   The owners of the property must pay for the improvement in the proportion of their title to the property.   Alexander v. Ellison, 79 Ky. 148; Ward v. Ward, 29 L. R. A. 429.

The fact that appellee bound itself to its lessor to keep the spur track in repair in nowise affects the rights or duties of the appellant, who is a stranger to that instrument. If that lease had not been made each of the owners of the spur track would be bound to contribute equally to its repair, and appellant being a stranger to that contract is under the same obligation now as before it was made.

The old trestle had become rotten from lapse of time. The finding of the jury as to the amount of the necessary cost of repair is well within the evidence and on the whole case no substantial right of the defendant was prejudiced.

Judgment affirmed.