## Preston et al. v. Preston's Adm'x et al.

(Decided October 28, 1932.)

C. B. WHEELER for appellant.

WAUGH & HOWERTON for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Affirming in part and Reversing in part.

In April, 1925, Oscar H. Preston was shot and killed while a resident of Martin, Floyd county, Ky., dying intestate and without issue, leaving surviving him his widow, Lora Preston, and his parents, the appellants, M. L. Preston and Amanda Preston, as his only heirs at law.

Upon his death, his widow, the appellee, Lora Preston, qualified as his administratrix, but no appraisement nor report was ever made by her as to any estate of the decedent having come into her hands as such, nor were any claims filed with her as such, nor was any settlement ever made by her with the court.

In March, 1932, the mother and father of the decedent, M. L. Preston and Amanda Preston, filed their suit in the Floyd circuit court against the widow and appellee herein, Lora Preston, as administratrix and individually, for a settlement of the estate of their deceased son.

By their petition they alleged that three certain pieces of real estate therein described were deeded to him and Lora Preston jointly, by reason of which he became the owner of an undivided one-half interest in said realty, which upon his death descended to them as his heirs at law, subject to the dower right of the defendant as his widow.

They further alleged that at the time of his death, he was the owner and in possession of some $10,000 of personal property, and also of cash in bank in the amount of some $5,000 or $6,000.

Wherefore, an order of reference to the commissioner was asked, with directions to take proof requisite for ascertaining the value of decedent's estate and for its distribution between the defendant, Lora Preston, as widow, and themselves as heirs at law of the said deceased Oscar H. Preston.

Defendant filed her answer, in which she denied the allegations of the petition and also by separate paragraph affirmatively pleaded that her husband, Oscar H. Preston, was not at the time of his death, nor had he been at any time, the owner of the real estate described in the petition or of any interest therein, for the reason that she had purchased and paid the entire consideration for said real estate from her own private means and savings, but that, through "mistake and over-

sight," the deeds thereto had been made by the grantors to herself and husband, Oscar H. Preston, rather than to herself alone, and asked that the decedent's interest taken under the joint deeds be directed by the commissioner conveyed her.

Further, she averred that no part of the personal property, consisting of a restaurant, drug store, stock, and fixtures, household furniture, and some $5,000 deposited in bank as a savings account, belonged to her husband and that the money in bank, while carried in the name of her husband, Oscar H. Preston or O. H. Preston & Co., was never given by her to him nor intended or understood between them as given him, but was placed in his name only for the purpose of "pleasing him," and not as giving it to him or parting with her dominion or control over the same.

No reply was filed to the answer.

Reference of the matter was made to the commisisoner and proof of parties heard before him, upon which he filed report of his findings.

Exceptions having been filed to the commissioner's report and supplemental report and the cause being submitted upon the exceptions, the court overruled same and duly approved and confirmed said reports and adjudged that the deceased, Oscar H. Preston, owned no personal property at the time of his death; also that the funds in bank in the name of Oscar H. Preston or Oscar H. Preston & Co. were not the property of Oscar H. Preston, but, together with all other personal property in hand at the time of the death of Oscar H. Preston, belonged solely to the defendant, Lora Preston, and further adjudged that the real estate described in the petition belonged solely to the defendant, Lora Preston, in that it was bought by Lora Preston and paid for with her own means; that the deeds conveying same to her and her husband were drawn in that manner through inadvertence and mistake; and that she was entitled to have the interest therein of deceased husband, Oscar H. Preston, conveyed her by the master commissioner and directed that this same be done, and such deed drawn in conformity with such order was produced by the master commissioner in open court and by it duly examined and approved.

From this judgment this appeal is prosecuted.

The facts as disclosed by the record are that Oscar H. Preston and Lora Preston were married in 1917 while each was engaged in teaching school in Floyd county; that at the time of their marriage, Oscar H. Preston had saved from his earnings as teacher some $26, while Lora Preston had then saved some $1,200, which amount was later augmented by a further saving of some $600 earned by her in teaching, at which she continued engaged for a time after her marriage. Oscar Preston taught but a short while after marrying the defendant, nor does it appear from the record that he worked more than a few months at anything during the remainder of his married life of some eight years. It appears that he was of a wasteful and profligate disposition, and was given to squandering, not only his own small and infrequent earnings, but also a considerable part of his wife's means, in drink.

The appellee, Lora Preston, the evidence shows, without material contradiction, was frugal, industrious, and hardworking, and that, by close personal economy and careful investment of the fruits of her labor in both business enterprises and lands, she had succeeded by the time of her husband's death in amassing a very comfortable estate.

It further appears not only did she work hard and profitably during all her married life, but that out of her earnings she bore all the expense of sending her husband, for a period of some two years, away to schools of dentistry and pharmacy, where she maintained him; also it appears that Oscar Preston was again absent from his wife by reason of enlisting in the navy, where he served for several months for a monthly wage of some $33, all of which he spent, as he likewise again did when working for a short period with the Chesapeake & Ohio Ry. Co.

On the other hand, it appears that his wife, Lora Preston, practically during all this eight-year period of their married life, remained constantly at home, hard at work supporting her husband when absent at school, and, in addition thereto, through frugality, industry, and wise investment of her earnings, accumulated the estate in controversy, which consists of: (1) Lots 3, 4, 5, and 6, block A, of an addition to the town of Martin, conveyed by Townsel Combs and wife in October, 1922, to O. H. Preston and Lora Preston; (2) a lot situated

near the Chesapeake & Ohio depot in said town, conveyed to O. H. Preston and Lora Preston in March, 1921, by M. D. Preston and wife; and (3) an undivided ⅛ interest in a tract of land situated on Left Beaver creek at the mouth of Spurlock Fork, conveyed by Flossie Robertson and husband to Oscar Preston, Lora Preston, and Lawrence Keathly, all of which property was bought and paid for entirely out of her own savings.

It further appears that she leased a lot in Martin from her father-in-law, the appellant M. L. Preston, and thereon erected a building, in which she conducted a restaurant. The location proved to be a good one for a restaurant and by reason of her having a good stand and her close application and attention to the management of this restaurant business, the same proved quite profitable for her, so much so that, when this building burned, she rebuilt it and continued to operate a restaurant therein or else, when not so operated by her, was rented out for $100 per month.

Also it appears that a few weeks before the death of her husband, acceding to his express wish to engage in the drug store business, she established him in such business, of which it appears he soon tired and abandoned it, turning it back to her, involved in debt, to manage and operate.

It also appears that she carried a savings account of some $5,000 in the First National Bank of Prestonsburg in her husband's name, which she states was done, as was likewise the case in her other business ventures, "for the sake of pleasing him," though it clearly appears that no control or dominion over either the business or the bank account was given to her husband, Oscar H. Preston, nor did he so understand the arrangement or attempt to check upon or otherwise control either the bank account or the business, but recognized that same was had for the purpose of pleasing him and was not accompanied by any intention to give it or any part of it to him, consisting as it did entirely of her own means and savings.

It further appears that, at the time he was killed in 1925, he had no personal estate whatsoever, and that she paid from her own means his funeral expenses and for his monument and also some $350 of his accounts left owing by him, and, in addition to such expenditures

made for him, employed counsel at her own expense of some $600 or $700 to assist in prosecuting the murderer of her husband.

The evidence for the appellants offers no material contradiction as to these claims made by appellee and her witnesses as to the ownership of this estate, both real and personal, nor as to her expenditures made from her own means on behalf of her husband both during their marriage and afterwards. Neither does their evidence show any familiarity with or knowledge on their part of their deceased son's married life, earnings, and occupation, his attendance at college or enlistment in the navy, but they appear to be seeking a division of such property, whether real or personal, as heirs at law on the ground that, as it was being carried in the name of their deceased son, Oscar H. Preston, it belonged to him, and therefore, upon his death intestate and without issue, it descended to them.

No right of creditors in the deceased husband's estate, based upon apparent ownership, is here involved, but only the claim, through descent, of his parents, the appellants, against his widow for a division of the property alleged owned by the deceased Oscar H. Preston at the time of his death.

The court, as set out above, denied plaintiffs the right to participate in this property carried in the name of the decedent, either real or personal, upon the grounds that the same had been wholly acquired and paid for by the appellee, with the result that the deceased Oscar H. Preston had no right, interest, or title whatever therein.

From this judgment the appellants have appealed, complaining (1) that the answer of the defendant is not sufficient to sustain the judgment in that (a) it is styled "answer in equity" and not captioned "answer, counterclaim and set-off" and (b) it is insufficient because it is alleged the deeds were made to Lora Preston and Oscar H. Preston by "mistake or oversight" rather than that they were made in such manner through "mutual mistake or fraud," either of which it fails to allege; and (2) that the court erred in the admission of the alleged incompetent evidence of Lora Preston showing her dealings and transactions with her deceased husband.

We will first consider appellants' complaint as to the testimony given herein by the widow, showing that the real estate was her own and paid for by her as well as was the personal property, and also too, that the money in bank was her own and no part thereof was the property of or owned by her deceased husband. The appellants contend that the admission of this evidence constitutes a reversible error upon the grounds that there was no other evidence given showing or attempting to show that the personal property and cash carried as a saving account in the name of Oscar H. Preston or O. H. Preston & Co. at the time of his death was in fact his.

It may be conceded that this evidence, upon proper and timely objection made thereto by appellants, could have been excluded as incompetent under the provisions of section 606 of the Civil Code of Practice, but as it appears they failed in the trial below either to exclude this evidence by timely objection and exception or in having the lower court rule thereon, the same must be treated as waived by them and the evidence, by reason of their waiver of the objection, may be considered as evidence in the case according to its worth and weight. This rule of law is too well established and generally recognized to require citation of authority in its support.

Their next complaint is that the answer is insufficient to support the judgment, because no reply was filed thereto joining the issue upon its allegations and thus was insufficient to support the judgment.

The record shows that the parties treated the answer as constituting a counterclaim upon which issue was joined and much proof taken upon the issue therein made as to whether or not the deceased Oscar H. Preston was at the time of his death the owner of the property in controversy. There was certainly no default nor lack of contest on the part of plaintiffs upon this issue. Certainly too the judgment here was not taken by default on this issue, nor was there lack of contest here upon the issue made by the evidence as to the ownership of the property in controversy, and it is the rule that, where the case is tried as if issue had been made by reply and attention of the court is not called to failure to reply, the right of defendant to move for judgment is waived. Louisville & N. R. R. Co. v. Co-

pas, 95 Ky. 460, 26 S. W. 179, 16 Ky. Law Rep. 14. Nor do we consider to be meritorious objection 1 (b), that the answer was insufficient to sustain the judgment, because it was not captioned "answer and counterclaim" as provided by section 97 of the Civil Code of Practice.

This contention was made and answered in the case of Lancaster v. Cambron, 158 Ky. 396, 165 S. W. 416, 418, where the court, in the course of its opinion, said:

"In construing this section, it has been held that, though the answer does not contain the words 'answer and counterclaim' or 'answer and set-off,' yet, if the facts alleged are sufficient to constitute an answer and counterclaim or an answer and set-off, and plaintiff joins issue thereon, this will constitute a waiver of his right to object to the pleading, because of its failure to contain the words 'answer and counterclaim' or 'answer and set-off.' Cason v. Cason, 79 Ky. 558, 3 Ky. Law Rep. 360; Nutter v. Johnson, 80 Ky. 426, 4 Ky. Law Rep. 305; Lacey v. Lacey, 95 Ky. 110, 23 S. W. 673, 15 Ky. Law Rep. 439."

And again, in the case of Nutter v. Johnson, supra, the court said:

"It is clear that the appellee was attempting, with full knowledge that the reply embraced a counter-claim, to get the advantage of having made a motion to compel the appellant to add the word 'counter-claim' in the caption of his reply without putting the appellant on his guard as to the omitted word.

"Such practice is not allowable, and ought not to be tolerated.

"If the appellee had moved to strike out the counter-claim because it was not named in the caption, or by any other form of motion notified the appellant of the defect in his reply, and he had refused or failed then to have amended it, the judgment notwithstanding the verdict might possibly have been proper. This would depend greatly, however, upon the issues, conduct, and circumstances of the trial."

We are further of the opinion that the appellants have failed to maintain the burden assumed by them of

proving either that the personal property represented by the restaurant, drug store and fixtures, and household furniture or the cash carried upon a savings account in the name of Oscar H. Preston at the time of his death was his property by reason of any gift thereof by his wife to him.

The appellants have voluntarily assumed the burden of showing that it was the said Oscar H. Preston's property at the time of his death, either by his having himself acquired it or by its gift to him. The evidence abundantly shows that the said Preston did not acquire or become the owner of either the personal property or the cash in bank by reason of his own labor or savings or thrift. We are equally convinced that there was no gift inter vivos of this property by Lora Preston, to Oscar H. Preston, but that the same was acquired by Lora Preston through her own labor or inheritance, and continued to remain her own private estate throughout the period of her married life with her husband, under whatsoever name or title she may have carried and handled this property and cash.

The evidence shows that she remained in entire dominion over the restaurant, even though it was run in her husband's name; that the drug store was also purchased by her with her own money at the request of her husband that he might try the drug business after she had paid for his education as a pharmacist, but that he soon abandoned this occupation, returning the business to her, after which it was run under her own supervision and control.

In like manner the evidence shows she dealt with her husband in allowing her savings account in bank to be carried in his name, and that such was the extent of his connection with the account, as it is shown that all the money was deposited, as well as checked out, by her exclusively, without any attempt upon the husband's part to make any use of or exercise any control over the same or any part of the same as its owner, clearly evidencing his recognition that it was not the intention of the wife to give him the money represented by the account, or any part thereof, or to part with her ownership of or dominion over it, but that it was only placed in the bank in his name to "please him."

Such facts which here appear in the dealings of the wife with her money and personal property are clearly

insufficient to constitute a gift of either, or of any interest in either, by the wife to the husband. That the law is such is clearly stated in 12 R. C. L., sec. 24, p. 948, where the text, in considering a deposit of money as a gift, says:

"In order that a deposit of money in a savings bank to the credit of another person shall operate as a gift inter vivos of the money to such other person, it must appear not only that the depositor intended a gift, but also that he executed his intention and completed the gift by an act or acts sufficient to pass title. In order to make such a deposit perfect and complete as a gift inter vivos, there must be an actual transfer of all right and dominion over the money deposited. A mere deposit in the name of another, unaccompanied by acts or declarations indicating an intention to donate the fund, is not alone sufficient to prove a gift."

To like effect was the case of Collins et al. v. Collins' Administrator, 242 Ky. 5, 45 S. W. (2d) 811; also in the case of Peters' Administrator v. Peters, 224 Ky. 493, 6 S. W. (2d) 499, 59 A. L. R. 969, the rule was declared to be as recited, supra, and wherein numerous other opinions of this court were cited in support of this rule.

For the reasons indicated above, we are of the opinion that the lower court properly adjudged that the deceased Oscar H. Preston at the time of his death had no interest or title in either the personal property or the savings bank account mentioned in the petition, and, therefore, that the appellants claiming under descent through him were entitled to recover no part of the same.

However, we encounter a more serious question when we pass to the consideration of the right or interest of the husband in the three parcels of real estate described in the petition, which it is therein alleged and shown by the proof were conveyed by the grantors to Oscar H. Preston and Lora Preston.

Under the common law, this would constitute a joint tenancy in them, but this rule is changed by section 2143, Kentucky Statutes, which provides:

"If real estate be conveyed or devised to husband and wife, unless a right of survivorship is expressly provided for, there shall be no mutual right to the entirety by survivorship between them, but they shall take as tenants in common, and the respective moieties be subject to the respective rights of the husband or wife as herein fixed, with all other incidents to such tenancy."

Since the enactment of this statute, the result is that, where a husband and wife accept a deed conveying land to himself and wife jointly and puts it to record, no matter what was his or her intention at the time of buying it, each of them takes an undivided one-half interest in it, in the absence of an allegation and proof of fraud or mutual mistake in the execution of the deed. Mastin v. Mastin's Administrator, 243 Ky. 831, 50 S. W. (2d) 77, 79.

It is, however, here contended that, while the deeds were drawn in a way conveying the property in controversy to them both, rather than to the wife alone, yet, as the consideration in each instance was altogether paid by the wife, a resulting trust was thereby imposed upon the interest of the one taken under the deed and paying no part of the consideration in favor of the other who furnished the purchase money.

This contention we deem unmeritorious for the reason that such resulting trusts arising under the rule of common law in such cases have been done away with by section 2353, Kentucky Statutes, which provides:

"When a deed shall be made to one person, and the consideration shall be paid by another, no use or trust shall result in favor of the latter, but this shall not extend to any case in which the grantee shall have taken a deed in his own name without the consent of the person paying the consideration. * * *"

The evidence in the case at bar is to the effect that, while Lora Preston, the appellee, furnished the entire consideration paid for the lands conveyed herself and husband jointly in these instances described in the petition, yet it further appears that she had full knowledge of the fact that the deeds conveyed the lands therein described to them jointly either before such deeds were put to record or else shortly thereafter, but that she,

notwithstanding such knowledge of having bought a joint conveyance of the lands, never undertook to change or correct them. In fact, the evidence is as to one of the properties mentioned that she expressly requested the grantor to make her a deed conveying the purchased property jointly to herself and husband. Also, it appears by her own testimony that, after discovering the deeds in question had been by mistake, as she alleges, executed as joint deeds, her husband told her two or three times to have them changed but that she did not do it.

It is well settled by many decisions of this court construing this section of the Statutes, supra, that the wife, even though paying the entire consideration for the property deeded to herself and husband jointly, took only an undivided one-half interest therein as a tenant in common thereof, without any trust resulting in her favor as to the husband's half interest, where she knew of or consented to the property having been conveyed in such manner. Mastin v. Mastin's Administrator, supra; Roche v. Roche, 188 Ky. 327, 222 S. W. 86; Thrasher v. Craft, 242 Ky. 101, 45 S. W. (2d) 827.

Therefore, we conclude that the court erred in holding that the deceased Oscar H. Preston had taken no interest or title in the lands in controversy under the joint deeds made thereto to himself and wife and in directing the master commissioner to deed to appellee the one-half interest of her deceased husband in the three parcels of land described in the petition, upon the grounds that a trust resulted in her favor thereto because of her payment of the consideration therefor.

It further appears by uncontradicted evidence that the appellee, after buying these properties and taking joint deed with her husband thereto, did erect valuable improvements upon some of them entirely at her own expense. It appears that, after purchasing from M. L. Preston and wife, Amanda Preston, the property described as lot No. 2 in the petition, she erected thereon a dwelling house for herself and husband at a cost of some $2,000; also, that, upon another of the lots included in parcel No. 1, as described in the petition, she erected improvements, as well as perhaps upon other lots or property purchased by her and involved herein, and no part of the costs of which, it is alleged and proved, was ever repaid her.

The rule in such case, as set forth in Mastin v. Mastin's Administrator, supra, is in substance that, if such joint owner who occupied the land, with the knowledge and consent of his cotenant improves it and increases the value of the whole estate, he is entitled on a sale or division of the property to recover therefor to the extent of the increased vendible value of the whole. This rule applies whether the improvement is original or repairs. Wainscott v. McBroom, 203 Ky. 634, 262 S. W. 961; Summer v. Vinson, 211 Ky. 571, 277 S. W. 849; Wagner Coal Co. v. Roth Coal Co., 206 Ky. 572, 267 S. W. 1096.

And further in exposition of the rule as announced in Mastin v. Mastin's Administrator, supra, the court said:

"The criterion in such case is the enhancement of the vendible value of the property by reason of the improvement. Dean v. O'Meara, 47 Ill. 120; Sarbach v. Newell, 30 Kan. 104, 1 P. 30; Ford v. Knapp, 102 N. Y. 135, 6 N. E. 283, 55 Am. Rep. 782.

"Where the common property has been improved by one cotenant, if in an action for partition the common property is not susceptible of a division, the improver, on a division of the proceeds of a sale thereof, should be allowed the enhanced value of the whole by reason of the improvements, and not the cost of his improvements, whether the improvements were made with or without the consent of the other cotenant, tenant in common, or coparcener. Ward v. Ward, supra (40 W. Va. 611, 21 S. E. 746, 29 L. R. A. 449, 52 Am. St. Rep. 911); Kurtz v. Hibner, 55 Ill. 514, 8 Am. Rep. 665; Respass v. Breckinridge's Heirs, supra (2 A. K. Marsh. 581)."

To like effect see Loeb et al. v. Conley et al., 160 Ky. 91, 169 S. W. 575, Ann. Cas. 1916B, 49.

Also, it appearing that the appellee, Lora Preston, has out of her own means paid the funeral expenses of her deceased husband and for a monument for him, if it should further appear that in so doing she was attempting thereby to make administration upon the deceased's estate by making such expenditures from her own means by way of advancing such amounts for the benefit of the estate and as a credit extended it, we are

of the opinion that she would have the right to collect the amounts so paid for his estate as would any other creditor. Gilliam et al. v. Gilliam et al., 146 Ky. 15, 141 S. W. 370.

For the reasons indicated above, we conclude that the judgment should be reversed in part for the error complained of in adjudging that appellants took by descent no interest in the lands in controversy, under and by reason of the joint deeds executed to their deceased son, Oscar H. Preston, and his wife, Lora Preston, as we are of the opinion that the said deceased Oscar H. Preston, under the joint deeds named, did take an undivided one-half interest in the three parcels of real estate described in the petition and that same passed to plaintiffs, subject to the wife's dower rights in such undivided one-half interest and further subject to an allowance to her for improvements erected by her thereon in such amount as they enhanced the vendible value of the property improved, at time of sale, and also for such further amount as may upon a rehearing of the case be shown by pleading and proof to have been paid by appellee out of her own means for the use and benefit of the estate of her deceased husband.

Therefore, the court, upon a remand of this case, will order canceled the deed of the commissioner conveying to the appellee, Lora Preston, the undivided one-half interest of her deceased husband in the three properties in controversy and will further hear proof of the parties as to the amount of enhancement in the vendible value of any of the said parcels of land in controversy upon which the appellee is shown to have made improvements entirely out of her own means.

The judgment of the lower court is affirmed in part, and reversed in part, and the case is remanded for further proceedings consistent with this opinion.