**Fitzpatrick's Adm'r et al. v. Fitzpatrick et al.**

Oct. 24, 1941.

54

W. W. Burchett and Joe Hobson for appellants.

Oscar P. Bond for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

Katie Fitzpatrick and George Fitzpatrick were married more than thirty years prior to his death in the year 1935. At the time of the marriage she was a divorcee with four children. Fitzpatrick was a farmer owning a small farm at the time of his marriage and during all of his marital life had no bank account but deposited all money received by him in his wife's name. He received money from an oil royalty and also received a pension. The receipts from these sources, together with receipts from farming, amounted over a long period of years to some thousand of dollars which were deposited in the wife's name. It appears from the evidence also that Mrs. Fitzpatrick took in boarders for a number of years and realized considerable money in this manner.

This action was filed by Mrs. Fitzpatrick for the settlement of her deceased husband's estate, a judgment being sought for the sale of the land owned by him for the payment of debts. The only debt owing by him consisted of a claim against his estate filed by Mrs. Fitzpatrick. At the time of his death Fitzpatrick had personal property and notes inventoried at $840. The

claim of Mrs. Fitzpatrick filed against the estate was for the following:

| | |
|---|---:|
| Cost of tombstone | $1,260 |
| Casket | 175 |
| Vault | 125 |
| Suit of clothes | 15 |
| Transportation expenses of Geo. Fitzpatrick from Ohio to Kentucky | 55 |
| Physician's bill in Cincinnati | 10 |
| Dr. J. H. Allen, medical expenses | 15 |

The cause was referred to the commissioner and his report, which the trial court approved, disallowed the claim except as to the three items casket, vault and burial clothes aggregating $315. The transportation expenses and the doctor's bill in Cincinnati were disallowed because the commissioner found as a fact that this was paid out of money found on the decedent's person. We think the evidence was such as to justify this finding. Mrs. Fitzpatrick testified she paid Dr. J. H. Allen the $15 medical expense, but this item was rejected by the commissioner for the reason that her testimony was incompetent. This would have been true had exceptions thereto been filed, but as none were filed her evidence was competent and sufficient to require the allowance of this item.

The main controversy before us is as to the $1,260 expended by Mrs. Fitzpatrick for a monument. This sum was paid by her to her son-in-law who was engaged in the business of selling monuments. According to him the actual retail price of the monument was more than $1,700, but he deducted his commission. This expenditure was made by the widow before she qualified as personal representative. She later qualified but resigned and her son-in-law, W. O. Coburn, qualified. The commissioner in rejecting the widow's claim for this sum expended for a monument was moved to do so by reliance upon the case of Higginbothom v. Higginbothom, 177 Ky. 271, 197 S. W. 627, L. R. A. 1918A, 1105. In that case it was held, in construing Section 3885 of the Kentucky Statutes, that the widow was not an heir at law within the meaning of the statute and therefore was not entitled to reimbursement for money expended by her for a monument for her husband where there was a qualified representative. The real effect of that decision is that where there is a personal representative,

only this representative or the heirs at law may erect a monument the cost of which shall be allowed as funeral expenses. In the later case of Preston v. Preston's Adm'x, 245 Ky. 552, 53 S. W. (2d) 957, the widow qualified as personal representative and out of her own means paid for a monument. The court there said that as it appeared the widow was attempting to make administration upon the estate by making this expenditure from her own means by way of advancing the amount for the benefit of the estate she was entitled to reimbursement. Since there was no personal representative at the time Mrs. Fitzpatrick purchased the monument and since, as surviving widow, she had the absolute right to qualify as personal representative and later did so, we think the case of Preston v. Preston's Adm'x, supra, is controlling here and that she was entitled to purchase a monument and be reimbursed therefor. However, the amount expended by her was clearly unreasonable in view of the estate left by her husband. His total real estate consisted of a tract of land worth about $1,000 and personal property inventoried at $840. In these circumstances the expenditure of a sum greater than $100 for a monument was unreasonable. It is elementary, of course, that one undertaking to purchase a monument, expecting compensation therefor, may expend only a reasonable sum for the purpose. It is our conclusion that the trial court should have allowed the claim of Mrs. Fitzpatrick on this item to the extent of $100.

After the qualification of W. O. Coburn as Fitzpatrick's administrator, he sold some of the personal property and collected some of the notes. The total amount realized by him was $445, which he turned over to Mrs. Fitzpatrick and she also took certain personal property valued at $100 so that the total amount turned over to the widow was $545. After allowing Mrs. Fitzpatrick's claim to the extent of $315, the chancellor, by some process of reasoning incomprehensible to us, rendered judgment in favor of the heirs of George Fitzpatrick against the administrator of Mrs. Fitzpatrick (she died during the pendency of the action and it was revived in the name of her administrator) in the sum of $295. This was clearly erroneous. As surviving widow Mrs. Fitzpatrick was entitled to personal property or money in the amount of $750 by virtue of Kentucky Statutes, Section 1403. She received only $545. She was entitled to

all the personal property, which was less than $750, and in addition thereto her claim should have been allowed to the extent herein indicated to be paid to her out of the proceeds of the land which was ordered to be sold.

Judgment reversed with directions to enter a judgment in conformity with this opinion.